UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAIA RASHO & ROSEMARY MORO, | ) |
| Plaintiffs, | ) |
| | ) No. 24 C 3336 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| MEMBERSELECT INSURANCE COMPANY d/b/a AAA and a/k/a THE SUTO CLUB GROUP, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiffs Zaia Rasho and Rosemary Moro bring this suit against Defendant MemberSelect Insurance Company ("MemberSelect"), alleging that MemberSelect breached its insurance contract with Plaintiffs and committed improper claims practices in violation of 215 Ill. Comp. Stat. 5/155. Now, MemberSelect moves to dismiss Plaintiffs' Section 155 claim (Count II) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs' current allegations do not adequately plead improper practices, the Court dismisses Plaintiffs' Section 155 claim without prejudice.

**BACKGROUND**[1]

Plaintiffs purchased homeowners' insurance from MemberSelect for their home in Indian Creek, Illinois. MemberSelect advertised that its homeowner insurance policies "protect consumers' homes against certain identified perils and events and that [MemberSelect] would provide coverage to consumers in the event that their homes suffer damage caused by such

---

[1] The Court takes the facts from Plaintiffs' complaint and presumes them to be true for the purpose of resolving MemberSelect's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

1

identified perils, such as damages caused by trees, shrubs plants and lawns." Doc. 1 ¶ 5. Since the effective date of the home insurance policy, Plaintiffs have paid all premiums for their policy in full and on time.

On approximately April 5, 2023, wind and water infiltration damaged Plaintiffs' property, through no fault of Plaintiffs. Soon after the damage, Plaintiffs filed a claim with MemberSelect under their home insurance policy, and MemberSelect provided Plaintiffs with a claim number. On an unspecified date, MemberSelect "conducted an inspection on Plaintiffs' property to assess the damages." *Id.* ¶ 13. Plaintiffs independently had estimates and inspections conducted on the damages to their property as well.

MemberSelect has not paid Plaintiffs any proceeds for the damages to Plaintiffs' home. MemberSelect has not provided Plaintiffs with "valid and reasonable reasons as to why it did not pay" Plaintiffs proceeds under their homeowner insurance policy. *Id.* ¶ 16.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

MemberSelect argues that the Court should dismiss Plaintiffs' Section 155 claim because Plaintiffs' complaint does not assert sufficient facts to establish such a claim. Plaintiffs respond that under the liberal pleading standard of Rule 12(b)(6), the facts set forth in the complaint suffice. The Court agrees with MemberSelect that Plaintiffs have not submitted sufficient facts to state a Section 155 claim.

Section 155 provides "an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519 (1996)). In relevant part, Section 155 states:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus [additional penalties].

215 Ill. Comp. Stat. 5/155(1). "Simply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage and that [the defendant's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the plaintiff] is entitled to relief under the statute." *9557, LLC v. Travelers Indem. Co. of Conn.*, No. 15-cv-10882, 2016 WL 464276, at *3 (N.D. Ill. Feb. 8, 2016) (alterations in original) (quoting *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007)).

Plaintiffs do not allege sufficient facts to state a Section 155 claim. Plaintiffs assert that MemberSelect's conduct constituted improper claims practices by:

> e. Failing to acknowledge with reasonable promptness pertinent communications with Plaintiff with respect to his claim arising under the home insurance policy;
>
> f. Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;
>
> g. Not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiffs' claim;
>
> h. Compelling the Plaintiffs to file this lawsuit to recover amounts due under the home insurance policy;
>
> i. Failing and refusing to properly investigate the claim[.]

Doc. 1 ¶ 25. The complaint does not allege any facts regarding the processing of Plaintiffs' claim, the results of MemberSelect's inspection, or communications between the parties.

Without these factual allegations, Plaintiffs' claims are conclusory and insufficient to state a plausible claim for relief. *See Bao v. MemberSelect Ins. Co.*, No. 21 C 04119, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022) ("Conclusory allegations that an insurer acted vexatiously or unreasonably, 'without some modicum of factual support,' are insufficient to state a plausible claim for relief under section 155." (citation omitted)). Paragraphs (e), (f), and (g) "amount to little more than simple recitations of the various codes that [Plaintiffs] allege[ ] [MemberSelect] violated." *9557, LLC*, 2016 WL 46276, at *4; *see also* 215 Ill. Comp. Stat. 5/154.6 (acts that constitute improper claims practices include "(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies; (c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies; (d) Not attempting in good faith to effectuate

4

prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear."). Paragraphs (h) and (i)—"[c]ompelling the Plaintiffs to file this lawsuit to recover amounts due under the home insurance policy" and "[f]ailing and refusing to properly investigate the claim"—when stated without additional facts, amount to merely conclusory allegations about MemberSelect's allegedly vexatious and unreasonable conduct. *See 9557, LLC*, 2016 WL 46276, at *4.

While the complaint does indicate that over a year has passed since the damage to Plaintiffs property occurred, Plaintiffs failed to provide the Court with any dates regarding when they filed their claim or the MemberSelect inspection took place. Further, Plaintiffs have not pleaded any facts regarding the results of the MemberSelect inspection, the extent of MemberSelect's investigation, whether the parties have communicated about Plaintiffs' claim, and whether MemberSelect has provided a reason for not paying. *Cf. GCI Consol., LLC v. Allied Prop. & Cas. Ins. Co.*, No. 23-cv-3807, 2024 WL 3226578, at *2 (N.D. Ill. June 28, 2024) (finding that allegations that the insurer failed to interview relevant witnesses and thoroughly investigate the damage sufficed to state a Section 155 claim). "Whether a delay is vexatious or unreasonable depends heavily on the circumstances." *Bao*, 2022 WL 1211509, at *4; *see also Abbey Ridge LLC v. Addison Ins. Co.*, 416 F. Supp. 3d 760, 774 (S.D. Ill. 2019) ("[A] delay in settling a claim does not violate Section 155 if the delay results from a *bona fide* dispute regarding coverage."). Thus, the Court cannot infer, solely from the approximate date of damage, that MemberSelect has unreasonably delayed resolving Plaintiffs' claim. *See Edwards v. Depositors Ins. Co.*, No. 20-cv-1074, 2021 WL 25360, at *5 (S.D. Ill. Jan. 4, 2021) ("The conduct the plaintiffs plead in the Complaint is mostly confined to the failure of Depositors to

pay what the policy called for. There is no indication why it did not pay, so there is nothing from which it could be reasonably inferred that the reasons were vexatious and unreasonable.").

Finally, the Court does not find Plaintiffs' contention that they need discovery to reveal the details of MemberSelect's alleged wrongdoing persuasive. While discovery may reveal additional information about MemberSelect's handling of Plaintiffs' claim, the lack of any basic facts about the handling of the claim, which Plaintiffs should possess without discovery, prevents the Court from reaching that stage. *See Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("To meet [the motion to dismiss] plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 556)). Plaintiffs failed to provide any facts on the alleged delay in communications and investigation such that the Court can draw the inference that MemberSelect's conduct entitles Plaintiffs to relief under Section 155. *See Scottsdale Ins. Co.*, 2007 WL 2740521, at *2 (finding that Waukegan did not plead sufficient facts even when it included a timeline of the parties' communications).

## CONCLUSION

For the foregoing reasons, the Court grants MemberSelect's motion to dismiss [12]. The Court dismisses the Section 155 claim (Count II) without prejudice.

Dated: January 8, 2025

_____
SARA L. ELLIS
United States District Judge