UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAIA RASHO & ROSEMARY MORO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 24 C 3336 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| MEMBERSELECT INSURANCE ) | |
| COMPANY d/b/a AAA and a/k/a ) | |
| THE SUTO CLUB GROUP, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiffs Zaia Rasho and Rosemary Moro bring this suit against Defendant MemberSelect Insurance Company ("MemberSelect"), alleging that MemberSelect breached its insurance contract with Plaintiffs and committed improper claims practices in violation of 215 Ill. Comp. Stat. 5/155 ("Section 155"). The Court previously dismissed Plaintiffs' Section 155 claim without prejudice, Doc. 20, after which Plaintiffs filed an amended complaint. MemberSelect again moves to dismiss Plaintiffs' Section 155 claim (Count II) pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs' amended complaint does not state a plausible Section 155 claim, the Court grants MemberSelect's motion to dismiss [24] and dismisses Plaintiffs' Section 155 claim with prejudice.

# BACKGROUND[1]

Plaintiffs purchased homeowners' insurance from MemberSelect for their home in Indian Creek, Illinois (the "Policy"). MemberSelect advertised that its homeowner insurance policies "protect consumers' homes against certain identified perils and events and that [MemberSelect] would provide coverage to consumers in the event that their homes suffer[ed] damage caused by such identified perils, such as damages caused by trees, shrubs, plants and lawns." Doc. 22 ¶ 5. Plaintiffs paid all premiums for the Policy in full and on time.

On approximately April 5, 2023, wind and water infiltration "as a result of trees and/or shrubs, plants and or lawn" damaged Plaintiffs' property. *Id.* ¶ 9. Soon after the damage, Plaintiffs reported a claim for property damage to MemberSelect under the Policy and MemberSelect provided Plaintiffs with a claim number.

On April 18, 2023, MemberSelect conducted an inspection of Plaintiffs' property to assess the damage. MemberSelect issued a denial letter to Plaintiffs on the same day, stating that the wind damage loss was less than the Policy's $2,500 deductible and that the Policy excluded the water damage to Plaintiffs' basement. Specifically, MemberSelect stated in its denial letter to Plaintiffs that "the damage consists of water damage from an excluded source" and quoted a portion of what appears to be the Policy, stating that:

> [MemberSelect] will not cover any loss which consists of or is caused by, one or more of the following excluded events, perils or conditions.
>
> . . .
>
> 3. Water damage, meaning:

---

[1] The Court takes the facts from Plaintiffs' amended complaint and the documents attached thereto, and presumes them to be true for the purpose of resolving MemberSelect's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.,* 714 F.3d 1017, 1019–20 (7th Cir. 2013).

2

> a. flood, surface water, waves, storm surge, tidal water, tsunami, seiche or overflow of a body of water from any source.

Doc. 22-1 at 1.

Nearly a year later, on February 18, 2024, an adjuster affiliated with the Auto Club Group conducted a forensic engineering investigation of Plaintiffs' property on behalf of MemberSelect. The adjuster drafted a report dated February 23, 2024, which concluded that a sump pump failure, not a broken window, caused the water damage to Plaintiffs' basement floor.

On an unspecified date, Plaintiffs "had estimates and inspections conducted to assess the damages that occurred on the property," which "confirm[ed] that the damage was caused by the April 5, 2023 event." Doc. 22 ¶¶ 17, 29. MemberSelect ignored, failed to consider, and did not provide Plaintiffs with the opportunity to submit their own evidence.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

MemberSelect moves to dismiss Plaintiffs' Section 155 claim, arguing that Plaintiffs' amended complaint does not address the deficiencies noted previously by this Court and includes facts that preclude a finding that MemberSelect engaged in vexatious and unreasonable behavior. The Court agrees with MemberSelect that Plaintiffs have not alleged sufficient facts to state a Section 155 claim.

Section 155 provides "an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519 (1996)). In relevant part, Section 155 states:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus [additional penalties].

215 Ill. Comp. Stat 5/155(1). A Section 155 claim is not available when "(1) there is a *bona fide* dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *GCI Consol., LLC v. Allied Prop. & Cas. Ins. Co.*, No. 23 C 3807, 2024 WL 3226578, at *2 (N.D. Ill. June 28, 2024) (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000)).

This Court previously dismissed the Plaintiffs' Section 155 claim because Plaintiffs did not provide any facts regarding the processing of Plaintiffs' claim, the results of MemberSelect's

4

inspection of Plaintiffs' property, or communication between the parties. While the amended complaint alleges additional facts regarding the processing of Plaintiffs' claim and the reasons for its denial that Plaintiffs did not include in the previous complaint, it still does not allege sufficient facts to support a plausible claim that MemberSelect acted vexatiously or unreasonably. Rather, Plaintiffs' allegations in the amended complaint and the documents they attached to the amended complaint show a *bona fide* dispute regarding coverage, which forecloses their Section 155 claim.

A complaint must allege facts that support an inference that an insurer's conduct was vexatious or unreasonable. *See Leonard S. v. Health Care Serv. Corp.*, No. 22 C 6038, 2023 WL 7182988, at *3 (N.D. Ill. Nov. 1, 2023) ("The plaintiff 'must instead point to facts showing that the insurer's behavior was vexatious and unreasonable—that is, willful and without reasonable cause.'" (citation omitted)). If a *bona fide* dispute regarding coverage exists, "that is all Illinois law requires to avoid the imposition of [S]ection 5/155 penalties." *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007). A *bona fide* dispute is a dispute that is "real, genuine, and not feigned." *Id.*; *McGee v. State Farm Fire & Cas. Co.*, 315 Ill. App. 3d 673, 683 (same). A *bona fide* dispute may exist in circumstances where an insurer has "a legitimate policy defense or its denial of coverage [is] based on a policy's express wording" or "where it reasonably relied on evidence sufficient to create a *bona fide* dispute." *Wells v. State Farm Fire & Cas. Co.*, 2020 IL App (1st) 190631, ¶ 32 (citations omitted).

Here, Plaintiffs provide the first page of the denial letter they received from MemberSelect, which quotes the Policy and states that the Policy does not cover Plaintiffs' asserted damages. Plaintiffs also provided the forensic report dated February 18, 2024, which attributes the water damage to a sump pump, not a window broken by a tree branch. Together,

5

the denial letter and forensic report show that MemberSelect based its denial of Plaintiffs' claim on a legitimate Policy defense, the Policy's wording, and evidence, such that a *bona fide* coverage dispute exists. The dispute is real, actual, and genuine because Plaintiffs argue that the April 5, 2023, storm caused their damages, while the forensic report supports that the broken sump pump caused the water damage to Plaintiffs' basement, not the storm. Plaintiffs' inclusion of evidence showing a *bona fide* dispute regarding coverage forecloses their Section 155 claim, notwithstanding Plaintiffs' allegations that MemberSelect acted vexatiously and unreasonably in its denial. *See Baker v. Nw. Med. Lake Forest Hosp.*, No. 16-CV-05669, 2017 WL 2908766, at *4 (N.D. Ill. July 7, 2017) ("A document outside the pleadings controls when it is incorporated by reference or attachment and directly contradicts the assertions in the complaint." (citation omitted)). Further, while typically the existence of a *bona fide* dispute is a better question for resolution at the summary judgment stage, the Court can resolve the issue at the motion to dismiss stage here because the existence of a *bona fide* dispute appears in the pleadings. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Lovekamp*, No. 23 C 13103, 2025 WL 473982, at *5 (N.D. Ill. Feb. 12, 2025) (finding that the complaint revealed a *bona fide* dispute concerning coverage). Because evidence of a *bona fide* dispute exists, Plaintiffs cannot succeed on their Section 155 claim. *See, e.g.*, *Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 488 F. Supp. 3d 690, 695 (N.D. Ill. 2020) ("Section 5/155 claims may be dismissed at the pleadings stage when a plaintiff fails to state a sufficient factual basis for sanctions, or when a bona fide dispute regarding coverage is apparent from the face of the complaint."); *Remprex, LLC v. Certain Underwriters at Lloyd's London*, 2023 IL App (1st) 211097, ¶ 90 (dismissing a Section 155 claim because an insurer based its denial of coverage on a *bona fide* dispute); *Wells*, 2020 IL

6

App (1st) 190631, ¶¶ 32–47 (affirming the dismissal of a Section 155 claim where the pleadings unambiguously showed that a *bona fide* disputed existed as to coverage).

Because the existence of a *bona fide* dispute precludes Plaintiffs' Section 155 claim, the Court grants MemberSelect's motion to dismiss and dismisses the Section 155 claim with prejudice. *See Nat'l Union Fire Ins. Co.*, 2025 WL 473982, at *5 (denying leave to amend as futile where the pleadings showed that the Section 155 claim was foreclosed by the existence of a *bona fide* coverage dispute).

## CONCLUSION

For the foregoing reasons, the Court grants MemberSelect's motion to dismiss [24]. The Court dismisses Plaintiffs' Section 155 claim (Count II) with prejudice.

Dated: July 18, 2025

_____
SARA L. ELLIS
United States District Judge